RANDY S. GROSSMAN
United States Attorney
DAVID CHU (CA Bar No. 242046)
VALERIE H. CHU (CA Bar No. 241709)
MARK W. PLETCHER (CO Bar No. 034615)
MICHELLE L. WASSERMAN (CA Bar No. 254686)
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 546-9714

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 17-CR-0623-JLS |
|---|---|
| v. | **UNITED STATES'S MOTION TO ALLOW CERTAIN WITNESSES TO TESTIFY UNDER PSEUDONYMS** |
| DAVID NEWLAND, ET AL., | |
| Defendants. | Date: February 17, 2022<br>Time: 2:00 p.m. |

The United States, by and through its counsel, Randy S. Grossman, United States Attorney, and David Chu, Assistant U.S. Attorney, hereby moves this Court to allow the prostitutes/escorts Leonard Francis provided to the Defendants to testify under pseudonyms. The United States may call one or more such witnesses at trial, but due to the sensitive and potentially embarrassing nature of the testimony, this Court should exercise its discretion to allow these witnesses to testify under pseudonyms. The United States would provide their actual identities to the Defendants so that they can prepare their respective defenses.

A district court has the discretion to allow a witness to testify using a pseudonym. *United States v. Ramos*, 667 F.3d 487, 500–01 (4th Cir. 2012) (affirming the use of pseudonyms in MS-13 gang case); *United States v. Maso*, No. 07-10858, 2007 WL 3121986, at *3 (11th Cir. Oct. 26, 2007) (affirming use of pseudonym for DEA informant).

In order to balance the need of the defendant to prepare his case, a court may also order the disclosure of the true identity of the witness. *Clark v. Ricketts*, 958 F.2d 851, 854 (9th Cir. 1991) (finding no Confrontation Clause violation where witness testified anonymously but identity was disclosed to defendant); *United States v. Mohamed*, 727 F.3d 832, 838 (8th Cir. 2013) (same); *United States v. Celis*, 608 F.3d 818, 834 (D.C. Cir. 2010) (same). As the Ninth Circuit explained, a district court may permit the use of a pseudonym "to protect a person from harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980). For example, where a defendant doctor was alleged to have used his own sperm to artificially inseminate unwitting couples, the district court allowed those couples to testify pseudonymously (with identities disclosed to the defendant) to protect them from personal embarrassment and the children from social harm. *United States v. Jacobson*, 785 F. Supp. 563, 569 (E.D. Va. 1992) (citing *Doe*, 655 F.2d at 922 n.1).[1]

Here, the testimony of the prostitutes/escorts, that they were paid by Leonard Francis to perform sexual acts with one or more of the Defendants, could subject them to "ridicule" and "personal embarrassment," so having an order from the Court to testify pseudonymously may provide some level of assurance necessary to mitigate these concerns. Many of these women have moved on both personally and professionally, and their testimony regarding their interactions with the Defendants using their true names in a public forum (thousands of miles from their home countries) would be an especially difficult and unreasonable burden for these women. The United States would provide the witnesses' true identities to the Defendants, to the extent those identities are not already known to them, to allow them to prepare for the witnesses' testimony.

---

[1] Relatedly, district courts routinely allow victims of sex crimes to testify under pseudonyms to protect them from publicity, harassment, and embarrassment. *Cf.*, Indictment ¶¶ 36, A139, A140; *see, e.g.*, *United States v. Ghislaine Maxwell*, No. 20-CR-330 (AJN), 2021 WL 5967913, at *1 (S.D.N.Y. Dec. 15, 2021).

For the reasons set forth above, the Court should exercise its sound discretion and allow such witnesses to testify under pseudonyms.

DATED: January 31, 2022

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/ David Chu
Assistant United States Attorney