RANDY S. GROSSMAN
United States Attorney
DAVID CHU (CA Bar No. 242046)
VALERIE H. CHU (CA Bar No. 241709)
MARK W. PLETCHER (CO Bar No. 034615)
MICHELLE L. WASSERMAN (CA Bar No. 254686)
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 546-9714

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 17-CR-0623-JLS |
|---|---|
| v. | **RESPONSE BY THE UNITED STATES IN OPPOSITION TO DEFENDANT LAUSMAN'S MOTION TO COMPEL DISCOVERY REGARDING *BRADY/GIGLIO* VIOLATION** |
| DAVID NEWLAND, ET AL., | |
| Defendants. | |

Defendant Lausman is not entitled to discovery for an issue where there was no impeachment material under *Giglio*. Defendant Lausman seeks discovery regarding two factual inaccuracies in an affidavit signed by Agent DeLaPena in *United States v. Rafaraci*, No. 21-CR-00610-DLF, a separate case in the District of Columbia. Yet the parties in that case agreed that there was no evidence suggesting any misconduct by Agent DeLaPena. Specifically, the parties agreed that there was no evidence "that any inaccuracies in the affidavit supporting the complaint were made purposefully, or with the intent to deceive or mislead." Doc. 975-2 at 4. Because the parties agreed that Agent DeLaPena did not commit any misconduct, the inaccuracies were not impeaching and there was no *Giglio* violation.[1] And because there was nothing

---

[1] The United States has filed a response under seal regarding its full position why there was no *Giglio* violation.

impeaching regarding this issue, no discovery is warranted, and the Court should deny the motion. Doc. 1005.[2]

Impeachment evidence must be produced to the defense. *Giglio v. United States*, 405 U.S. 150, 154 (1972). No case, however, holds that a defendant is entitled to discovery for non-impeaching information. None of the cases cited by Defendant Lausman, Doc. 1005 at 2, stand for that proposition. In *Milke v. Ryan*, 711 F.3d 998 (9th Cir. 2013), the prosecution failed to disclose that state courts had made *findings* that the principal witness, a detective with the Phoenix police department, had made false statements under oath in numerous cases, as well as committed *Miranda* and other constitutional violations during interrogations. *Id.* at 1006. The prosecution also failed to disclose that the detective's supervisors had come to the *conclusion* that the detective had lied and suspended him for five days. *Id.* Similarly, in *United States v. Blanco*, 392 F.3d 382 (9th Cir. 2004), the prosecution failed to disclose an actual benefit conferred to an informant, namely a special parole visa that allowed the informant to stay in the country in return for his cooperation. *Id.* at 389. Finally, unlike the facts in this case, in *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993), the record on appeal was not clear whether the informant had in fact lied or whether there was an innocent explanation for representations he had made to the DEA regarding his criminal history. 989 F.2d at 333. Under those circumstances, the Ninth Circuit noted that it would "not assume an innocent explanation from a silent record," remanded to the district court to determine whether the informant had in fact lied or whether there was such an innocent explanation, and noted that the prosecution "should welcome this opportunity to clear the air." *Id.* 336. In this case, there is no

---

[2] Defendant Lausman seeks broad discovery, namely any and all documents related to the factual inaccuracies, including communications between defense counsel and the prosecution team in *Rafaraci*, as well as underlying evidence in *Rafaraci*. Doc. 1005-1.

air to clear, and the record is unequivocal and uncontroverted: the parties agreed that Agent DeLaPena did not commit any misconduct. Thus, no discovery is warranted.[3]

Here, there were no findings or conclusions that Agent DeLaPena committed any misconduct, nor was there any question whether Agent DeLaPena lied. To the contrary, all the parties in *Rafaraci* agreed that Agent DeLaPena's conduct was indeed "innocent," in that the parties agreed that there was no evidence that the two inaccuracies were made purposefully or with the intent to deceive or mislead. Doc. 975-2 at 4. The fact that Defendant Lausman refuses to accept the innocent explanation agreed to by the *Rafaraci* parties does not make the facts impeachment material or create a discovery obligation.

The Department of Justice's *Giglio* policy—which exceeds constitutional requirements—is instructive. Under that policy, a law enforcement agency must disclose the following categories of information, among others: (i) "any *finding of misconduct* that reflects upon the truthfulness or possible bias of the employee"; (ii) "any *allegation of misconduct* bearing upon truthfulness, bias, or integrity *that is the subject of a pending investigation*"; (iii) "*prior findings* by a judge that an agency employee has testified untruthfully, made a knowing false statement in writing, engaged in an unlawful search or seizure, illegally obtained a confession, or engaged in other misconduct"; and (iv) "*any misconduct finding or pending misconduct allegation* that either casts a substantial doubt upon the accuracy of any evidence—including witness testimony—that the prosecutor intends to rely on to prove an element of any crime charged, or that might have a significant bearing on the admissibility of prosecution evidence." Justice Manual 9-5.100 (emphasis added). But "[a]llegations that cannot be substantiated, are not credible, or have resulted in the

---

[3] Indeed, the situation here is one step removed from *Bernal-Obeso*, in that the factual inaccuracies not only have a clear, innocent explanation, but they also relate to a separate case in a separate district. There is simply no basis to second guess and relitigate an issue already decided by the parties in that separate case.

exoneration of an employee generally are not considered to be potential impeachment information." *Id.*

As applied in this case, there have been no findings and no allegations (substantiated or otherwise) of misconduct against Agent DeLaPena. There is no pending misconduct investigation. Even under the Department of Justice's broad *Giglio* policy, there is no potential impeachment information. Simply put, two inaccuracies in an affidavit with an innocent explanation agreed to by the parties are not potential impeachment information.

## CONCLUSION

The Court should deny Defendant Lausman's motion for discovery into an issue in a separate case in a separate district where the parties in that case agreed that there was no misconduct by Agent DeLaPena.

DATED: July 19, 2022                                            Respectfully submitted,

                                                            RANDY S. GROSSMAN
                                                            United States Attorney

                                                            /s/ David Chu
                                                           Assistant United States Attorney